(No. 27915.—

THE NEWBERRY LIBRARY *et al. vs.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Appellee.—(C. M. OWENS *et al.,* Appellants.)

*Opinion filed May 16, 1944.*

Poppenhusen, Johnston, Thompson & Raymond, (Floyd E. Thompson, and Albert E. Jenner, Jr., of counsel,) all of Chicago, for appellants.

Richard S. Folsom, and Kirkland, Fleming, Green, Martin & Ellis, (Joseph B. Fleming, Frank R. Schneberger, and Thomas B. Martineau, of counsel,) all of Chicago, for appellee.

Mr. Justice Stone delivered the opinion of the court:

The question in this case is whether a certain suit pending in the circuit court of Cook county, entitled Delevitt v. The Board of Education, in which a decree is sought on behalf of all holders of certain refunding bonds issued by the school board, is a class suit. If it is, it is conceded that the suit brought by appellants in this case against the Board of Education is subject to the motion in the nature of a plea in abatement filed therein, and that the circuit court of Cook county was right in sustaining such a plea and dismissing appellants' action.

Appellants state in their complaint that they are the owners and holders of refunding bonds of 1935, second series, issued February 1, 1935, and of interest coupon No. 16 attached to their bonds. They allege that there has been a default in payment of this interest coupon on and after its due date, on August 1, 1943.

The controversy in this action arises over count two of the complaint, count one being a suit filed by the plaintiffs as holders of bonds of the board of education of another date and series. To count one the board of education filed an answer, and that cause is still pending in the circuit court. The judgment in this case was one dismissing count two, which disposes of that branch of the case and

renders the judgment final and appealable, though the case as to count one remains undisposed of. (*Sebree* v. *Sebree*, 293 Ill. 228; *Stelling* v. *Stelling*, 323 Ill. 122; *Wyman* v. *Hageman*, 318 Ill. 64.) The cause comes on direct appeal, as a constitutional question was raised and directly passed upon by the circuit court. The ground given in the motion to dismiss is that there is pending in the circuit court, on the equity side, another action between the same parties for the same cause. A copy of the complaint in Delevitt v. Board of Education, the suit pleaded in abatement of count two, is attached to the motion as an exhibit. As amended, the complaint in that case alleged that Delevitt is the owner and holder of a $1000 bond of the $900,000 refunding bonds of 1935, second series, issued February 1, 1935, and alleged that the board of education refused to pay interest coupon No. 16 attached to the bond, on the ground that all the bonds and interest coupons thereto attached are invalid. The complaint in the Delevitt suit prayed a decree on behalf of the plaintiff and all other owners and holders of the bonds and coupons No. 16, for judgment of the amount of interest due, together with costs and attorney fees. The board of education filed a motion to dismiss the Delevitt suit on the ground, among others, that the claim sought to be set up cannot be maintained as a class or representative suit. This motion was denied and the defendant was ordered to file its answer to the complaint as amended. That cause is still pending in the trial court.

These matters were all set up in the motion in the nature of a plea in abatement filed in this case. The plea was sustained by the circuit court on the ground that appellants are parties to the Delevitt suit by representation and therefore were in that suit, afforded due process of law within the requirements of section 2 of article II of the Illinois constitution and section 1 of the fourteenth amendment to the United States constitution. Whether

they are thereby afforded due process constitutes the only question in this case. If they were properly parties by representation in the Delevitt suit, it is conceded that all orders entered in that suit are binding on appellants, and the court in this suit properly sustained the plea in abatement.

The question whether appellants are being afforded due process of law under the State and Federal constitutions by the Delevitt suit, and therefore not entitled to bring this proceeding, is one which, in the last analysis, depends upon the construction of section 1 of the fourteenth amendment to the Federal constitution. While the courts of last resort of the State may, of course, pass upon the provisions of their own constitution, yet where identical provisions appear in the Federal constitution the rulings of the Supreme Court of the United States are final authority where the Federal question is raised. (*Hansberry* v. *Lee*, 311 U. S. 32, 85 L. ed. 22.) The ultimate question, therefore, is whether appellants in this case are being afforded, in the Delevitt case, such notice and opportunity to be heard as are requisite to due process of law, which the constitutions of this State and of the United States require. *Western Life Indm. Co.* v. *Rupp*, 235 U. S. 261, 59 L. ed. 220.

It is a principle of general application in Anglo-American jurisprudence that one is not bound, *in personam*, by a judgment in litigation in which he is not designated as a party or to which he has not been made a party by service of process. (*Pennoyer* v. *Neff*, 95 U. S. 714, 24 L. ed. 565; 1 Freeman on Judgments, 5th ed. sec. 407.) A judgment *in personam* rendered against one not a party to the litigation, is not, as a general rule, entitled to the full faith and credit which the constitution and statutes of the United States prescribe. (*Hansberry* v. *Lee*, 311 U. S. 32, 85 L. ed. 22; *Baker* v. *Baker, E. & Co.* 242 U. S. 394, 61 L. ed. 386.) Such a judgment may not be enforced against the person or property of an absent party, for it is not due process of law as required by the fifth and fourteenth amendments.

(*Postal Telegraph Cable Co.* v. *Newport,* 247 U. S. 464, 62 L. ed. 1215; *Old Wayne Mut. Life Ass'n* v. *McDonough,* 204 U. S. 8, 51 L. ed. 345.) The exception to this general rule, though not precisely defined by judicial opinion, is the case of a judgment in a "representative" or "class" suit, to which some of the members of the class are parties and by which suit the parties may bind other members of the class on the basis of representation. This class suit is recognized as an invention of equity to enable it to proceed to a decree in suits where the number of those interested in the subject matter of the litigation is so great that it is impracticable to join them as parties. (*Christopher* v. *Brusselback,* 302 U. S. 500, 82 L. ed. 388; *Supreme Tribe of Ben Hur* v. *Cauble,* 255 U. S. 356, 65 L. ed. 673; *Hartford L. Ins. Co.* v. *Barber,* 245 U. S. 146, 62 L. ed. 208.) In such cases, where the interests of those not joined are the same as the interests of those who are, and it is further considered that those joined as parties fairly represent those not joined in the litigation of issues in which all have a common interest, the court will proceed to a decree as in a class suit, and such decree will be binding on all members of the class. *Supreme Tribe of Ben Hur* v. *Cauble,* 255 U. S. 356, 65 L. ed. 673; *Smith* v. *Swormstedt,* 16 How. (U. S.) 288, 14 L. ed. 942.

It is not required by the fourteenth amendment that either courts or legislative departments adopt any particular rule for establishing the conclusiveness of decrees in class suits, but where it can be said that the procedure adopted fairly insures the protection of the interests of the absent parties who are to be bound by such proceeding, such does not fail of due process. (*Avery* v. *Alabama,* 308 U. S. 444, 84 L. ed. 377; *Chicago, Burlington and Quincy Railroad Co.* v. *Chicago,* 166 U. S. 226, 41 L. ed. 979.) The test is whether those sought to be bound as members of a class are in fact adequately represented by the parties who actually participate in the conduct of litiga-

tion in which members of the class sought to be bound, are not present as parties, (*Plumb* v. *Crane,* 123 U. S. 560, 31 L. ed. 268,) or where the interest of the members of the class, some of whom are present as parties, is joint, or where for any reason the relationship between the parties present and those absent is such as legally to entitle the former to stand in judgment for the latter. *Christopher* v. *Brusselback,* 302 U. S. 500, 82 L. ed. 388; *Smith* v. *Swormstedt,* 16 How. (U. S.) 288, 14 L. ed. 942.

The claim of application of the doctrine of *res judicata,* made here, is based upon the order of the court in the Delevitt case denying the motion to dismiss that complaint on the ground that it was not properly a class suit, and appellee says that such is *res judicata* and binding on appellants in this proceeding. The doctrine of *res judicata* is bottomed on the ground that the party to be affected, or someone with whom he is in privity, has litigated or has had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction. (*Southern Pacific Railroad Co.* v. *United States,* 168 U. S. 1, 42 L. ed. 355; Greenleaf on Evidence, secs. 522-23.) Appellee says appellants are bound by the order of the court holding the Delevitt suit to be a class suit and may not raise the question here since to do so would be to level a collateral attack against an order of the circuit court entered in a case of which it had jurisdiction. Its order denying dismissal of the Delevitt suit was in effect a holding that it had jurisdiction of all members of the class, *i.e.,* all members holding coupon No. 16 of these refunding bonds. The question whether its order is *res judicata* and controls here is, however, one of jurisdiction of the parties to this suit and we think one properly open to consideration here. In fact, in order to determine the correctness of the ruling of the court dismissing this case it is necessary to consider whether the Delevitt case is in fact and in law a class suit. As an opportunity to be heard is,

in judicial proceedings, a requisite to due process of law, courts cannot, without disregarding the requirements of due process, give conclusive effect to a prior judgment against one who is neither a party nor in privity with the party to such lawsuit. *Postal Telegraph Cable Co.* v. *Newport*, 247 U. S. 464, 62 L. ed. 1215.

Appellee says that this court has recognized in *Leonard* v. *Bye,* 361 Ill. 185, and in *Groves* v. *Farmers State Bank,* 368 Ill. 35, that actions such as this are class actions, and argues that *Leonard* v. *Bye* is conclusive of the correctness of the circuit court's decision in dismissing appellants' suit. In *Leonard* v. *Bye,* where a suit was declared to be a class suit, all members of the class were found to have a common interest in the results to be obtained as well as in the questions involved. It is pointed out in the opinion in that case that class suits may be sustained by a member of a class of individuals who have common rights which need protection; and in pursuit of that remedy individuals have a right to represent the class to which they belong. To the same effect was *Groves* v. *Farmers State Bank,* 368 Ill. 35. These were stockholders liability suits. Under the constitution the liability for the debts of a bank is the liability of all stockholders for the benefit of all creditors. The remedy to be obtained is affected by the amount of constitutional liability of the stockholders and the number and amount of the claims against the bank. In such a case there is not only a community of interest in the subject matter of the suit but likewise in the remedy.

In *Peoples Store of Roseland* v. *McKibbin,* 379 Ill. 148, plaintiff instituted a suit in the circuit court against the Director of Finance and others, for refund of certain retailers occupation taxes. The complaint was predicated on the theory that it was a class action brought in the interest of plaintiffs individually and for and on behalf of all other individuals, firms or corporations who were engaged in selling the same class of merchandise to the same char-

acter of institutions. It was presented as a class suit. No one was named as belonging to the class other than those who appeared as plaintiffs or intervenors. A temporary injunction was sought and granted, which was served on certain firms and corporations restraining them from instituting a suit with reference to their claims for repayment of the tax, and in the decree entered such temporary injunction was made permanent. It was later modified to the extent of permitting unnamed members of the class to come into the case to prove their claims, if they so desired. It was stipulated in the trial court that the case was a class suit. The contention made, that it was a class suit, was not sustained by this court. It is in the opinion pointed out that such a claim, followed by the decree which was entered, "would, if sustained, have the effect of giving the court jurisdiction over persons who were not before it. The decree enjoined those who were not parties to the proceeding from starting an action either in law or equity and in effect forces them to seek their right, if any they have, through the cases pending in the circuit court." It is also there pointed out that if any individuals, whom it was claimed constituted a class, paid taxes which they should not have paid, then the funds in the hands of the State by reason of, such payment were derived from distinct and separate transactions, and that for reasons given in the opinion such suits cannot be maintained as class suits. The fact that it was stipulated they were class suits did not change the situation so as to give the court jurisdiction over those whom plaintiff undertook to represent but who were not before the court.

In *Scott* v. *Donald,* 165 U. S. 107, 41 L. ed. 648, Donald procured a decree in his own behalf and in 'behalf of all others similarly situated, restraining certain officers of the State of South Carolina from confiscating wines and liquors which he had imported into the State. The Supreme Court of the United States reversed that decree,

holding that while Donald was entitled to an injunction against those defendants who had despoiled him of his property, and who were threatening to continue to do so, the decree could not be sustained as a decree in a class suit; that while there might be other persons interested as he was, and such persons may be numerous, yet such facts did not furnish the basis upon which a court of equity should grant an injunction. The court said: "The interest that will allow parties to join in a bill of complaint, or that will enable the court to dispense with the presence of all the parties, when numerous, except a determinate number, is not only an interest in the question, but one in common in the subject matter of the suit." The court cited *Cutting* v. *Gilbert*, 5 Blatchf. 259, as laying down the test of community of interest required to sustain a class suit. In the *Cutting case* it was pointed out that "the only matter in common among the plaintiffs, or between them and the defendants, is an interest in the question involved, which alone cannot lay a foundation for the joinder of parties," holding that to allow parties, because they are interested in the questions involved and to be determined, to be considered parties to the suit, would lead to endless perplexity and confusion.

In *Farmers Co-op Co.* v. *Socony*, 133 Fed. 2d. 101, the plaintiff, for itself and on behalf of all its members who were members during a certain period, brought an action to recover treble damages under the provisions of the Clayton Act. The action was dismissed in the District Court, the question being whether the plaintiff might represent others not parties, as in a class suit. It was held by the Circuit Court of Appeals that the causes of action sought to be enforced were several; that while there existed common questions of law and fact, it could not be said that common relief was sought. Damages sought to be recovered were different, hence common relief was not an object of the suit.

*Wabash Railroad Co.* v. *Adelbert College,* 208 U. S. 38, 52 L. ed. 379, was a suit to enforce a lien arising out of certain railroad equipment bonds. Objection to the proceeding was on the ground that one Ham had brought a class suit in which the complaint alleged that the suit was brought on behalf of Ham and "all those in like interest who may come in and contribute to the expense and join in the prosecution of the suit." No notice of the pendency of the suit was given to the other holders of bonds. A decree was entered on behalf of Ham, which was reversed by the United States Supreme Court, (*Wabash, St. Louis and Pacific Railroad Co.* v. *Ham,* 114 U. S. 587, 29 L. ed. 235,) and thereafter Ham's complaint was dismissed for want of equity in the trial court. It was contended in the *Adelbert College case* that the judgment of dismissal in the *Ham case* barred any claim for lien of any or all of the holders of equipment bonds, whether parties to that suit or not, for the reason that the *Ham suit* was a representative or class suit and that judgment in it bound all of the class, even if they were not parties or privies to it. In denying this contention the court pointed out that the allegation that the *Ham suit* was brought on behalf of all those who should join and share in the expense, did not make the judgment binding on those who did not join, and that to hold such suit was binding might result in injustice and even encourage collusive suits. It was held the *Ham suit* was not a representative suit in the sense that the judgment in that suit bound the plaintiffs in the *Adelbert College suit.*

To constitute a class suit in which the court acquires jurisdiction over every member of the class, and the decree therein binds members of that class not present, the subject matter of the litigation must be a common or joint interest, not only in the question involved but likewise interest in common in the remedy and subject matter of the suit itself, (*Scott* v. *Donald,* 165 U. S. 107, 41 L. ed. 648,) or the

relationship between the parties present and those who are absent must be such as legally to entitle the former to stand in judgment for the latter. *Scott* v. *Donald,* 165 U. S. 107, 41 L. ed. 648; *Hansberry* v. *Lee,* 311 U. S. 32, 85 L. ed. 22; *Christopher* v. *Brusselback,* 302 U. S. 500, 82 L. ed. 388; *Smith* v. *Swormstedt,* 16 How. (U. S.) 288, 14 L. ed. 942.

Members of a class may represent others of that class where the sole and common interest of the entire class is to assert or challenge a claimed right; but where the substantial interests of parties present in such a suit are not necessarily or even probably the same as the interests of those they seek to represent, such parties present cannot be said to afford that protection to absent parties required by due process. *Hansberry* v. *Lee,* 311 U. S. 32, 85 L. ed. 22; *Wabash Railroad Co.* v. *Adelbert College,* 208 U. S. 38, 52 L. ed. 379; *Brenner* v. *Title Guarantee & Trust Co.* 276 N. Y. 230, 11 N. E. 2d 890.

In the case before us, while it is true that Delevitt and appellants were all owners of bonds of the same issue, and all were equally interested in the recovery of coupon No. 16 attached to their respective bonds, yet the purchase of bonds by each was a transaction separate and distinct from that of purchase of bonds by the others. There was no joint action or interest in such purchases. In the Delevitt case the plaintiff's sole interest was to recover the amount due upon his coupon No. 16. No other owner or holder of any of the remaining coupons No. 16 joined as party plaintiff in the suit. If it be held under these circumstances that the Delevitt suit is a class or representative suit, and that all owners of coupons No. 16 are to be bound by any order, judgment or decree entered in that suit, then, if a defense of payment, settlement of claim, or any other defense has been made and found good as to Delevitt's coupon, resulting in an order or judgment against him, all members of the class must logically be bound by

the order of dismissal and their cause of action disposed of without any of them having an opportunity to be heard. The requirements of a class suit, in matters where the transactions are individual, separate and distinct from each other, are more than a common right of recovery. The fact that the suit is one in which joinder with the plaintiff is permissive, and in which right will be given those sufficiently interested to intervene and participate or come in by entry of appearance, does not make such a suit a class suit. Authorities relied upon by appellee to support the judgment are cases where the common interest, both as to the right to sue and as to the remedy, is of such a character that a decree as to one was logically and justly controlling or binding on all members of the class, and where the parties present could be reasonably said to stand in judgment in the place of all others of the class.

We are of the opinion that the Delevitt suit was not a class suit and the circuit court erred in sustaining appellee's motion in the nature of a plea in abatement and dismissing the suit. The judgment is reversed and the cause is remanded with directions to overrule the motion.

*Reversed and remanded, with directions.*