Margaret Kuehn, et al., etc., Plaintiffs-Appellants, v. Bismarck Hotel Co., an Illinois Corporation, et al., Defendants-Appellees.

Gen. No. 49,290.

First District, Fourth Division.

October 14, 1964.

Jay A. Schiller and William C. Wines, of Chicago, for appellants.

Robert O. Mansell, Arthur M. Solomon, Friedlund, Levin & Friedlund, of Chicago, for Bismarck Hotel Company, appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

Plaintiffs appeal from an order denying their motion to vacate an order dismissing their amended complaint and cause of action for declaratory judgment and other relief. Plaintiffs are six former employees of defendant, Bismarck Hotel Co., and are suing on behalf of themselves and all other persons who are similarly situated in respect to the subject matter of the case. Also named as defendants are three individuals who are sued as trustees of the Bismarck Pension Trust which was established by

the hotel for the benefit of its employees. The appeal, however, is limited to the dismissal with respect to the Bismarck Hotel Co.[1]

The complaint was drawn in two counts, the second being added by amendment to the original complaint. In the first count, plaintiffs allege that the Bismarck, having instituted a pension program for the benefit of its employees, thereafter followed a course of action whereby it discharged without cause numerous employees with the intention and effect of depriving them from becoming eligible for benefits under the pension plan; and that this course of action was in violation of an implied contract arising out of the plan, namely, that the Bismarck may not discharge employees except for cause; and that if an employee is discharged without cause, he is still entitled to his pension rights as though he had not been so discharged.

By way of relief to the charges in count one, plaintiffs pray the court to declare that the allegations set out in the above paragraph are true, that each person for whom the suit is brought is entitled to benefits under the plan notwithstanding his wrongful discharge, and that the court should retain jurisdiction over the case in order to afford the relief contemplated in the complaint.

The second count seeks to allege a cause of action in equity against the Bismarck Hotel Co. and the individual trustees of the Pension Trust for various relief, including surcharging the Bismarck because of the investment of trust funds in shares of the Bismarck Hotel Co. It is further alleged that such in-

[1] This appeal was dismissed January 6, 1963, as to defendant Emmett McCarthy (a trustee of the Pension Trust) for plaintiffs' failure to file timely notice of appeal after the trial judge by separate order dismissed the cause of action as to this defendant. It appears that the other trustees, Otto Eitel and A. C. Van Zandt, were not served with summons and consequently have not taken part in this litigation.

vestment was not authorized by any provision in the trust agreement and was made when the trustees were officers, directors and shareholders of the defendant. As this appeal is taken only as to the Bismarck Hotel Co., that part of count two pertaining to the trustees is irrelevant.

By amended motion in the trial court, the Bismarck moved to dismiss both counts of the amended complaint. The court allowed this motion and denied plaintiffs' motion to vacate. While various grounds for dismissal were asserted in defendant's motion to dismiss, only three are urged on appeal: First, that count one is barred in part by uncontested affirmative matters showing that the trust was duly terminated on June 30, 1957, and that four of the named plaintiffs have a vested interest in the trust fund because they were employed at the time the trust was terminated; Second, that count one is legally insufficient as a class action; Third, that count two contains no allegation of wrongdoing on the part of the Bismarck. We are of the opinion that these points are dispositive of this case and that the order of dismissal was proper.

Uncontroverted affidavits of the defendant show that its board of directors by due resolution on May 28, 1957 terminated the pension program as of June 30, 1957. By the terms of this resolution, all persons employed on the date of termination acquired a vested interest in the corpus of the trust. Four of the named plaintiffs in this suit were employed by the Bismarck on the termination date and thus did acquire a vested interest in the funds to be distributed according to the provisions of the trust agreement. Consequently, the allegations of count one, alleging a plan by the Bismarck to summarily dismiss employees in order to deprive them of pension eligibility is wholly unfounded as to these four plaintiffs.

324

■ The other two named plaintiffs who were discharged by the defendant prior to the termination of the pension program, received no interest in the trust. Nevertheless, count one was properly dismissed as to these parties also because it purports to state a class action only, and this it fails to do. In a proper class action, there must be a community of interest not only in the subject matter of the dispute, but also in the remedy. Harrison Sheet Steel Co. v. Lyons, 15 Ill 2d 532, 155 NE2d 595; Newberry Library v. Board of Education, 387 Ill 85, 55 NE2d 147. Where each claim is dependent on different facts to which different legal principles might be applied, there is not a community of interest in the remedy sufficient to justify a class action. Peoples Store of Roseland v. McKibbin, 379 Ill 148, 39 NE2d 995.

■ It is clear from the face of the complaint that parties who might come into court to make claims against the trust fund would have to establish that they were wrongfully discharged pursuant to the alleged unlawful plan of the defendant. There is nothing in the complaint to indicate that these claims would involve common factual and legal questions as between plaintiffs themselves or as between plaintiffs and others in the class they seek to bind. Each discharge would have to be examined by the court in the light of its own peculiar and individual fact situation.

Even if we were to accept plaintiffs' theory that the complaint states a class action, the complaint would still have to be dismissed. And this because the provisions of the trust agreement, as represented to the employees through a pamphlet distributed to them by the defendant, negates any notion that the common-law right of the employer to hire and fire was in any way altered or diminished by the trust.

It is specifically and correctly stated in paragraph 11 of this pamphlet:[2] "The existence of this trust in no way affects the right of the Company to discharge any employee. Any employee who is discharged, or who voluntarily terminates his employment, prior to eligibility for benefits, loses all rights under the trust."

■ Furthermore, plaintiffs do not state a cause of action against defendant in count two because there is no allegation of wrongdoing on its part; there being only the statement that defendant sold some of its own shares to the trust. Plaintiffs would have us believe that, in consequence of this alleged act, defendant should be surcharged with any losses resulting therefrom. We note that the trust agreement (Art VII, Sec 2A) authorizes the trustees to invest the trust funds "in any security or property without being limited by any law regarding investment by Trustees." Nowhere in the complaint is there any allegation that defendant conspired to procure such investment, nor is it alleged that the defendant received any improper benefit out of the transaction. We know of no rule whereby a corporation may be surcharged for losses arising out of an improvident investment (if, indeed, it was—it is not so alleged) by trustees of a trust in shares of such corporation. We are not unmindful of the close relationship between the corporation in the case at bar and the trustees of the pension trust, but this relationship alone does not establish illegality of the investment.

The orders of the Circuit Court are affirmed.

Affirmed.

DRUCKER and McCORMICK, JJ., concur.

---

[2] A copy of the pamphlet was attached as an exhibit to plaintiffs' complaint.