MARIE DAILEY, on Behalf of Herself and All Other Persons and Corporations Similarly Situated, Plaintiff-Appellant, *v.* SUNSET HILLS TRUST ESTATE, Defendant-Appellee.

(No. 75-22; ▮▮▮▮▮▮▮▮)

Fifth District—July 11, 1975.

Callis & Filcoff, of Granite City, for appellant.

Harry H. Marshall, of Alton, for appellee.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Plaintiff filed a complaint as a class action seeking damages for breach of contract and for pain and mental suffering allegedly caused by defendant's failure to perform certain portions of a contract which had been entered into by Frank Dailey, and others, and defendant. During a hearing on defendant's motion to dismiss, plaintiff amended the complaint by substituting for the prayer for damages for breach of contract a prayer for an injunction against future breaches of contract by defendant and for a determination of amounts due plaintiff and other members of the purported class. Following the hearing the court dismissed the complaint as amended. Thereafter, plaintiff filed a motion to reconsider and a motion for leave to file a second amended complaint. The second amended complaint consisted of four counts, the first two of which were brought as a class action for an interpretation of a contract and for an accounting of certain trust assets held by defendant. The remaining two counts were brought individually for damages for breach of contract and for pain and mental suffering allegedly caused by defendant's failure to perform the contract. After both sides had submitted briefs and argued the matter before the court, the motion to file a second amended complaint was denied as to Counts I and II, the class action counts, and granted as to the individual action counts. It is from the dismissal of the class action counts that this appeal is brought.

On July 8, 1957, plaintiff's deceased spouse, Frank Dailey, entered into an installment agreement with defendant for the sale of four interment spaces. Supplemental to the sale agreement was a "Protective Agreement," a copy of which appears in the record. The "Protective Agreement" consists of a printed form requiring only the insertion of the date of purchase, name and address of purchaser, and number of interment spaces purchased. The "Protective Agreement" provides in part that, subject to fulfillment of certain conditions precedent, defendant would

install a bronze grave marker valued at $100 on the purchaser's grave and pay $50 toward the interment services. The conditions precedent were that the purchaser be in good health and not more than 60 years of age at the time of the agreement, that the purchaser have died otherwise than by suicide, that the purchaser have died while the agreement was in effect, and that at the time of the purchaser's death, the payments be not more than 30 days in arrears and the amount of one interment space have been paid.

Upon the death of Frank Dailey, the defendant refused to provide the grave marker and the $50 toward interment services on the basis that defendant's interpretation of the contract showed no duty to so perform. As a result plaintiff commenced this litigation. The trial court has certified that there is no reason for delaying this appeal, thereby invoking the jurisdiction of this court. Ill. Rev. Stat. 1973, ch. 110A, par. 304(a).

■■ Illinois is without a statute or rule of procedure setting forth the requirements for a class action. However, many court decisions of this State have established criteria that must be met by those bringing a class action suit. It is unnecessary to this opinion to tabulate the cases or to detail all the criteria discussed in them. Generally, however, to determine whether a class action is proper, the test to be applied is the existence of a community of interest in the subject matter and a community of interest in the remedy among all who make up the purported class. (*Harrison Sheet Steel Co. v. Lyons*, 15 Ill.2d 532, 155 N.E.2d 595; *Smyth v. Kaspar American State Bank*, 9 Ill.2d 27, 136 N.E.2d 796; *Moseid v. McDonough*, 103 Ill.App.2d 23, 243 N.E.2d 394.) Factors to be considered in applying this test are: whether the claims of all members of the class share a common question of law and fact, such as the existence of a common fund from which relief can be given (*Moseid v. McDonough*); whether the causes of action of the members of the class arise from the same transaction (*Peoples Store of Roseland v. McKibbin*, 379 Ill. 148, 39 N.E.2d 995; *Material Service Corp. v. McKibbin*, 380 Ill. 226, 43 N.E.2d 939); whether one party can adequately represent the rights and interests of all other members of the purported class (*Newberry Library v. Board of Education*, 387 Ill. 85, 55 N.E.2d 147); and whether there exists a purely equitable cause of action (*Fetherston v. National Republic Bancorporation*, 280 Ill.App. 151). A representative or class action is not such merely because the parties so designate it. (*Oppenheimer v. Cassidy*, 345 Ill.App. 212, 102 N.E.2d 678.) Also to be considered is whether the number of possible class members renders separate litigation impossible or impractical. *South East National Bank v. Board of Education*, 298 Ill.App. 92, 18 N.E.2d 584.

Count I of plaintiff's second amended complaint requested an inter-

pretation of the protective agreement and sought to maintain a class action on the basis that the interpretation of the agreement would be of interest to all other members of the purported class. Count II of plaintiff's second amended complaint alleged dissipation of the assets of the trust, requested an accounting, and sought to maintain a class action on the basis that the accounting would also be of interest to all other members of the purported class.

In the instant case, even if we were to assume that all of the funds in the defendant trust were collected pursuant to contracts identical in form to the contract entered into by Frank Dailey and defendant, we could not reasonably assume that suits will result from the other contracts. There is no indication that defendant's refusal to perform on the contract entered into between Frank Dailey and defendant will be repeated with respect to other contracts. Moreover, for us to assume that a multiplicity of suits will arise we would have to assume not only that defendant will refuse to perform on some or all of the other contracts, but also that defendant's duty to perform on the other contracts will in fact arise. This assumption we cannot make, because each contract like the one entered into by Frank Dailey and defendant would include several conditions precedent which must have been met before defendant's duty to perform would arise. In short, it is not apparent that a multiplicity of suits will result if this cause is not allowed to proceed as a class action.

■■ Plaintiff contends that an interpretation of the protective agreement by way of declaration, reformation, or rescission would be of such common interest to the other members of the purported class as to require a class action. While it is true that any other party which has entered into a similar protective agreement with defendant would be interested in seeing defendant perform under that agreement, yet each such agreement was a transaction separate and distinct from all of the other protective agreements entered into by the other parties. There is no single event, the happening of which gives the right to all of the parties to the agreements, or to their beneficiaries, the right to bring an action for the recovery of the benefits sought to be recovered by the named plaintiff. Each of the purchase agreements and supplementary protective agreements contain obligations to be performed and conditions which are personal to the individual parties to the agreements. No rights to benefits under the protective agreement arise until the death of the party to the agreement, and consequently no right to bring an action such as that in the instant case arises while the parties to the individual agreements are alive. As in *Newberry Library v. Board of Education,* there was no joint action or interest in any of the agreements. If we were to allow a class action for interpretation of the protective agreement by

way of declaration, rescission, or reformation, then, as is pointed out in *Newberry*, all members of the class would be bound thereby. Thus a member of the class might, in effect, have his agreement changed, canceled, or otherwise construed in a manner against his interest without ever having had an opportunity to be heard. Under such circumstances it would be a violation of due process to allow plaintiff to maintain a representative suit. (*Hansberry v. Lee*, 311 U.S. 32, 85 L.Ed. 22, 61 S.Ct. 115, 132 A.L.R. 741.) The general rule is that a class action cannot be maintained unless there exists a community of interest between members of the class and the representative in the subject matter and the remedy. (*Smyth v. Kaspar American State Bank; Rodriguez v. Credit Systems Specialists, Inc.*, 17 Ill.App.3d 606, 308 N.E.2d 342.) Under the circumstances of this case we cannot say that the members of the purported class are interested in the remedy sought by plaintiff in Count I.

■■ Count II of the plaintiff's second amended complaint asks that plaintiff be allowed to maintain a class action to compel defendant to render an accounting. A court of equity will not take jurisdiction of an action for an accounting where there is an adequate and ample remedy at law; but where there is a clear right and no remedy at law, or where the remedy at law is not plain, adequate, complete, and adapted to the particular exigency, a court of equity will take jurisdiction. (*People v. Small*, 319 Ill. 437, 150 N.E. 435; *Hornbeek v. Hornbeek*, 5 Ill.App.2d 253, 125 N.E.2d 535; 1 I.L.P. Accounting, sec. 12.) No precise rule can be stated as to when a court of equity will exercise its jurisdiction in an accounting since the court has a large discretion on the subject and may refuse to exercise its jurisdiction in cases of account according to the circumstances of the particular case. (*Mayr v. Nelson Chesman & Co.*, 195 Ill.App. 587; 1 I.L.P. *Accounting* § 12 (1953).) Even where a request for an accounting is made based on inadequacy of the remedy of law, whether or not the court will take jurisdiction remains a matter largely within the discretion of the court to be determined according to the circumstances of the particular case and the relief sought. *Stein v. Isse Koch & Co.*, 350 Ill.App. 171, 112 N.E.2d 491; 1 I.L.P. *Accounting* § 12 (1953).

In the instant case plaintiff has alleged in her second amended complaint dissipation and waste of the funds in defendant trust. Beyond this contention plaintiff has made no allegation as to why an individual action at law for breach of contract would be inadequate. However, assuming *arguendo* that this contention is sufficient to show an inadequate remedy at law so that the court may take equity jurisdiction, nevertheless it would not follow that plaintiff should be allowed to pursue a representative or class action. For although other parties who have a similar protective

agreement might be sufficiently interested to intervene in an action for accounting, such an action can be maintained without the necessity of class action status.

> "The fact that the suit is one in which joinder with the plaintiff is permissive, and in which right will be given those sufficiently interested to intervene and participate or come in by entry of appearance, does not make such a suit a class suit." *Newberry Library v. Board of Education of City of Chicago*, 387 Ill. 85, 97, 55 N.E.2d 147, 153.

In this case it cannot be said that the trust fund established by the defendant, which plaintiff seeks to reach for the benefit of the class she purports to represent, is a "common fund" for the purpose of maintaining a class action. The trust fund includes funds for the benefit of all persons who have purchased interment space including those who have purchased such space by means other than by an installment agreement. The scope of the purposes for which the trust fund was established and is maintained extends well beyond simply providing the benefits described in the protective agreement.

Representation by a few on behalf of many as a device to conclude the rights of the absent parties must be regarded by the courts as conduct requiring close and vigilant scrutiny, and as a technique which should be resorted to only when complete justice to all interested parties will follow from its application. Each situation must be carefully analyzed and considered from the viewpoint of the entire class, and general definitions as to the right of the named party to bring the action must give way to particular circumstances. Where the right to proceed is doubtful, permission will be generally refused. (See Fox, *Representative Actions and Proceedings*, 1954, U. Ill. L.F. 97.) And so it is in this case.

Affirmed.

EBERSPACHER and CARTER, JJ., concur.