MICHAEL B. SWEENEY, Plaintiff-Appellant, v. CITICORP PERSON-TO-PERSON FINANCIAL CENTER, INC., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 84—2859

Opinion filed October 28, 1985.

Hartunian, Futterman & Howard, Chartered, of Chicago (Aram A. Hartunian and Joel M. Hellman, of counsel), for appellant.

Sidley & Austin, of Chicago (Robert D. McLean, Michael J. Sweeney, and Bryan Krakauer, of counsel), for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Michael B. Sweeney, appeals from an order of the circuit court of Cook County which granted the motion of defendants, Citicorp Person-To-Person Financial Center, Inc., and Citicorp Person-To-Person Financial Center of Illinois, Inc., to dismiss plaintiff's complaint alleging violations of State usury laws on the ground that there was another action pending in Federal bankruptcy court between the same parties for the same cause (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(3)). The sole issue before this court is whether the trial court abused its discretion in dismissing plaintiff's complaint rather than staying the proceedings pending a determination by the bankruptcy court as to whether it would adjudicate plaintiff's usury claims in conjunction with the bankruptcy proceeding. For the following reasons, we affirm the judgment of the circuit court.

The record reveals the following facts which are pertinent to our decision. In November 1978, plaintiff contacted one of the defendants to discuss borrowing the sum of $15,000. Subsequently, installment loan contracts were prepared by each defendant which, in effect, split the $15,000 loan between them. As a result, plaintiff borrowed $9,980 from one defendant at an interest rate of 18% per annum and $5,254.06 from the other defendant at an interest rate of 13% per annum.[1]

On May 12, 1980, plaintiff filed a petition under chapter 13 of the Bankruptcy Code (11 U.S.C. sec. 1301 *et seq.* (1976)) in the United States Bankruptcy Court for the Northern District of Illinois. At that time, plaintiff disputed his indebtedness to defendants. However, the dispute was subsequently settled by stipulation, and the claims of defendants were allowed. As a result, a chapter 13 plan incorporating the settlement was confirmed by the bankruptcy court on July 1, 1980.

[1]The propriety of the loan split between the two entities, which allegedly served to circumvent the interest ceiling imposed by State usury laws, is the subject matter of plaintiff's State court claim.

On December 23, 1982, plaintiff's chapter 13 case was dismissed without prejudice. Thereafter, on February 28, 1983, plaintiff filed his second chapter 13 petition, which is currently pending. Defendants are also scheduled as creditors in the second petition.

On December 23, 1983, plaintiff filed the instant action, individually and on behalf of others similarly situated, alleging that defendants had violated State usury laws by contracting for interest payments in excess of the statutory maximum. In response, defendants filed a motion to dismiss pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(9)), alleging, *inter alia*, that plaintiff's claim was barred by the doctrine of *res judicata* which arose from the bankruptcy court's final determination of plaintiff's indebtedness to defendants. At the hearing on defendants' motion to dismiss, plaintiff admitted that his usury claim could have been filed in bankruptcy court in conjunction with his chapter 13 petition. Following arguments, the trial court dismissed plaintiff's cause of action, *sua sponte*, without prejudice, on the ground that another action was pending between the same parties for the same cause in the bankruptcy court. Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(3).

Subsequently, plaintiff filed a motion to reconsider. At the hearing on his motion, plaintiff informed the court that as a result of the court's previous order, he had filed his usury claim in the bankruptcy court. Plaintiff then requested that the trial court stay the State court proceedings, rather than dismiss them, "while we do some preliminary work with respect to the bankruptcy proceeding that we have filed already." The trial court denied plaintiff's motion. Plaintiff's timely appeal of both of the trial court's orders followed.

Section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(3)) provides that a defendant may move for an involuntary dismissal or for other appropriate relief when "there is another action pending between the same parties for the same cause." In the instant case, it is undisputed that the usury claims filed in both State and Federal courts involve the same parties and the same cause, *i.e.*, the allegedly usurious transactions are the same ones which gave rise to defendants' status as creditors in the bankruptcy proceedings. Although the usury claims had not yet been filed in the bankruptcy court at the time the trial court's order had been entered, the chapter 13 proceeding, of which the usury claims were an essential part, was pending. Plaintiff does not argue that section 2—619(a)(3) is inapplicable to the State court claim. Instead, plaintiff's sole contention on appeal with respect to both orders is that

the trial court abused its discretion in dismissing, rather than staying, the State court case pending a determination by the bankruptcy court as to whether it would adjudicate the State law claim.

Initially, we note that it is not the function of a reviewing court to substitute its judgment for that of the trial court in making a determination as to whether the trial court has properly exercised its broad discretionary powers. Instead, the reviewing court will consider each substantive issue only to the extent necessary to determine whether there has been an abuse of discretion. *Booth v. Greber* (1977), 48 Ill. App. 3d 213, 363 N.E.2d 6.

■■ Plaintiff first contends that because his request for a stay does not violate the stated policy objective of section 2—619(a)(3), avoidance of duplicative litigation (*A.E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 419 N.E.2d 23), and because there is a "substantial possibility" that the bankruptcy court will abstain from addressing the State claim, the judgment of the trial court to dismiss was erroneous. Plaintiff further asserts that he is not seeking to litigate the usury claims in the circuit court and bankruptcy court simultaneously. He is merely asking the circuit court to stay the proceedings until the bankruptcy court determines whether it will adjudicate the usury claim.

In our opinion, the fact that plaintiff's request for a stay does not violate a policy objective of the statute does not mandate that the trial court grant his request. The decision is a discretionary one with the trial court. Our review of the record indicates that the trial court considered equally important policy factors in reaching its decision to dismiss, including conservation of judicial resources, forum shopping, and the impact a determination of the usury claims would have on the formulation of a chapter 13 plan. We find no manifest abuse in this decision. Moreover, if the bankruptcy court ultimately dismisses the State law claims, plaintiff can reinstitute this complaint and, thus, will not be deprived of his day in court.

■■ Plaintiff argues that although he may not personally be prejudiced by dismissal of the complaint, some absent class members may be prejudiced by the expiration of the statute of limitations period prior to a decision by the bankruptcy court. In support of his argument, plaintiff relies on *Waters v. City of Chicago* (1981), 95 Ill. App. 3d 919, 420 N.E.2d 599, which recognized the named plaintiff's duty to protect the interests of absent class members. We conclude that plaintiff's reliance on *Waters* is misplaced for two reasons. First, *Waters* addressed the duty owed to a certified class by a named plaintiff in reaching a compromise settlement. In our case, not only is there no

question of a settlement, there is no certified class. Second, a class action is not characterized as such merely because the parties so designate it. (*Oppenheimer v. Cassidy* (1951), 345 Ill. App. 212, 102 N.E.2d 678.) Plaintiff must first establish the prerequisites for the maintenance of a class action pursuant to section 2—801 of the Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, par. 2—801; *Wheatley v. Board of Education* (1984), 99 Ill. 2d 481, 459 N.E.2d 1364.) In our case, because the class had not been certified prior to the entry of the court's order to dismiss, the alleged class members have no legal rights under the original action which have to be protected. (See *Schlessinger v. Olsen* (1981), 86 Ill. 2d 314, 427 N.E.2d 122.) In this respect, we adopt the rationale set forth in *International Games, Inc. v. Sims* (1982), 111 Ill. App. 3d 922, 927, 444 N.E.2d 736:

> "This apprehension [that the statute of limitations will expire] will be present in almost all section [2—619(a)(3)] motions where the other action is pending in Federal court. Such speculation, however, cannot inhibit a court from exercising its discretion, for section [2—619(a)(3)] can be used whenever another suit for the same cause and between the same parties is pending in another county, another State or in the Federal courts."

Further, no interested potential class member is precluded by the trial court's decision from filing his own individual or class-action usury claim in State court.

Finally, we find that *People ex rel. Department of Public Aid v. Santos* (1982), 92 Ill. 2d 120, 440 N.E.2d 876, relied upon by plaintiff for the proposition that the trial court abused its discretion in dismissing, rather than staying, the proceedings, is factually distinguishable from the facts at bar. In *Santos*, defendants brought a class action in Federal court against two officials of the Illinois Department of Public Aid (the Department), challenging the Department's practice of requiring public aid recipients to execute promissory notes for overpayment of benefits. In three later-filed State actions, the Illinois Attorney General brought suit to collect upon the promissory notes. Pursuant to section 2—619(a)(3), the circuit court dismissed the State actions.

On direct appeal, the Illinois Supreme Court reversed the order of dismissal and held that the appropriate disposition was to stay the State court proceedings. In reaching its conclusion, the *Santos* court noted that: (1) the Federal case did not raise the question of the enforceability of the notes which was the principal issue in the State court action; and (2) there was some disparity between the parties in both causes of action.

By contrast, in the case at bar, it is undisputed that the same parties and the same cause are involved in both the State and Federal claims. Accordingly, we find the *Santos* court's rationale for imposing a stay inapplicable to our facts.

In consideration of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY, P.J., and O'CONNOR, J., concur.