Florence Morphet, Plaintiff-Appellee, v. Stephen Morphet, Defendant-Appellee, Equitable Life Assurance Society of United States, Garnishee-Appellant.

Gen. No. 47,313.

First District, Second Division.

July 3, 1958.

Released for publication September 18, 1958.

Mayer, Friedlich, Spiess, Tierney, Brown & Platt, of Chicago (Sherwood K. Platt, and William D. Doggett, of counsel) for Equitable Life Assurance Society of United States, garnishee-appellant.

Fisher, Hassen & Fisher, of Chicago (Joseph Fisher, and Lawrence Fisher, of counsel) for Florence Morphet, plaintiff-appellee.

PRESIDING JUSTICE LEWE delivered the opinion of the court.

This is a garnishment action. The court sustained plaintiff's motion to strike the garnishee's amended answer, and entered judgment in favor of defendant for use of plaintiff. The garnishee appeals.

It is admitted that: Plaintiff and defendant, residents of Erie, Pennsylvania, were married. Plaintiff and defendant entered a contract for plaintiff's support, which contract provided that defendant pay plaintiff $20 weekly and convey to plaintiff all his interest in furniture jointly owned by them. Subsequently, plaintiff brought suit at law in the Circuit Court of Cook County for alleged arrearages arising from breach of the contract for support. Judgment in the sum of $1,860 was entered against defendant.

The present garnishment action against the garnishee, based on that judgment, was instituted to reach defendant's interest ". . . under an annuity benefit plan with Mutual Boiler and Machinery Insurance Company," defendant's employer.

The motion to strike the amended answer admitted, that at the time of the service of this garnishee writ, there was outstanding, Individual Certificate No. 457, which had been issued by the garnishee to defendant's employer, in accordance with and subject to its terms and conditions, for delivery to defendant; that the name "Florence Morphet" was endorsed on the Certificate as defendant's death beneficiary in accordance with certain rights under the Contract; and that the designation remains unchanged; that prior to the service of the writ involved herein, defendant ceased working for the Mutual Boiler and Machinery Insurance Company; that under the terms of the Contract, defendant, by filing at the Home Office of this garnishee his signed election, was entitled to elect to cancel his purchased annuity and receive its then cash value of $1,646.89, or to accept an annual annuity in the sum of $840.63, to commence on the retirement date of defendant under the Group Plan, September 1, 1970; that the election may be made until said retirement date; and that at the date of service of this garnishee writ, defendant had not, nor has he since exercised his right of election, and all efforts by this garnishee and the employer group to communicate with defendant have failed.

■■ The contention of the Equitable Life Assurance Society of the United States, garnishee, is that the claim against it is contingent and, therefore, not subject to attachment. A contingent claim is one where liability hinges upon some future event, which may or may not occur; it is dependent upon some condition, as yet unperformed. The law is well established that the indebtedness sought to be garnisheed, must be a sum due without contingency at the date when the answer to the garnishment action suit is filed. (Zimek v. Illinois Nat. Casualty Co., 370 Ill. 572 and I. L. P.

Garnishment, Sec. 16.) In Larson v. McCormack, 286 Ill. App. 206, it appears that plaintiff had obtained a judgment against McCormack and garnisheed the Massachusetts Mutual Life Insurance Company. Application had been made by the insured for a loan on the policy, which application had been approved by the insurance company. A check representing the amount of the loan, payable to the order of the insured, had been forwarded by the main office of the company to the Chicago agency, with instructions not to deliver the check to the insured until he had nominated a beneficiary of the policy. Although the loan had been approved by the company, and the check for the amount of the loan was in the hands of its agent at the time the summons was served, the court held that garnishment would not lie until the loan had been consummated. The court further held, that garnishment cannot lie unless the garnishee is indebted to the judgment debtor without uncertainty or contingency at the date of the answer of the garnishee. To the same effect see, Drysch v. Prudential Ins. Co. of America, 287 Ill. App. 68. The rule is that a fund is not subject to garnishment if the judgment debtor could not maintain an action therefor. (I. L. P. Garnishment, Sec. 11.)

In the present case, defendant, Stephen Morphet, was entitled under the Contract to exercise an option by filing at the garnishee's Home Office his signed election, either to cancel his purchased annuity, or receive the cash value of his contributions. He did neither. Until defendant exercises his option in the manner prescribed by the Contract, the garnishee's liability to him for such cash value of his contributions remains contingent. It follows, therefore, that the court erred in sustaining plaintiff's motion to strike the garnishee's answer.

■ Plaintiff insists that the garnishee's amended answer was properly stricken because the defense was founded on a written instrument, and that the relevant portion was not attached to the pleading as an exhibit. In support of his contention, plaintiff cites Illinois Civil Practice Act, Section 36 [Ill. Rev. Stats. 1957, ch. 110, § 36]. This contention is untenable for the garnishee's amended answer recited the relevant terms of the Contract on which the garnishee relied. This is a sufficient compliance with the statute. (Darst v. Lang, 367 Ill. 119.)

We have considered the other points urged and the authorities cited in support thereof. But, in the view we take of this case, we deem it unnecessary to discuss them.

The judgment is reversed and the cause remanded with directions to the trial court to overrule the motion to strike garnishee's amended answer and to proceed in a manner not inconsistent with the views expressed in this opinion.

Reversed and remanded with directions.

KILEY and MURPHY, JJ., concur.