(No. 35237.—

CENTRAL ILLINOIS ELECTRIC AND GAS COMPANY, Appellee, *vs.* T. A. SCULLY *et al.,* Appellants.

*Opinion filed September 24, 1959.*

MILLER & MILLER, of Lincoln, and GIFFIN, WINNING, LINDNER & NEWKIRK, of Springfield, for appellants.

HARRIS & HARRIS, of Lincoln, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Appellants bring their appeal from a judgment of the circuit court of Logan County fixing the compensation for land and easement taken by appellee by eminent domain proceedings. Appellee, Central Illinois Electric and Gas Company, a public utility, was authorized by an order and certificate of convenience and necessity of the Illinois Commerce Commission entered June 3, 1958, to construct approximately 12.1 miles of electric transmission line in Logan County. Thereafter, appellee filed its petition, pursuant to

section 59 of the Public Utilities Act (Ill. Rev. Stat. 1957, chap. 111⅔, par. 63,) to condemn an easement and right to use an identified strip across the lands owned by appellant T. A. Scully, for the construction, maintenance, repair, replacement, use and operation of an electric transmission line consisting of three phase wires and two overhead ground wires supported by two-pole H-frame type structures with one cross arm and necessary bracing, and to fix a just compensation therefor.

Appellant T. A. Scully owns two separate tracts of real estate situated respectively in Sheridan and West Lincoln townships of Logan County, and through which appellee sought its easement. Attached to the petition were drawings marked exhibits A-1 and A-2 depicting the proposed easement across the Scully tracts, in accordance with the certificate of public convenience and necessity. The proposed easement is 50 feet in width, and extends for 2½ miles across the Scully tract in Sheridan township and originally for a short distance across the corner of the Scully tract in West Lincoln.

On October 15, 1958, appellee filed an amendment to its original petition, pursuant to leave of court, stating a new description for the route of the easement for the transmission line. The route remained the same as originally described over the tract of Scully land in Sheridan Township, but the amendment provided for a new route, 1722 feet in length diagonally across the center of the Scully tract in West Lincoln township, and involved an additional two-pole structure on that tract. On October 21, 1958, Scully filed a motion to dismiss the petition as amended, on the ground that petitioner had no power and authority to condemn for any easement except that set forth in the original petition, in accordance with the certificate of the Illinois Commerce Commission issued June 3, 1958. On October 22, 1958, appellee filed a second amended petition, to which was

attached a copy of a supplemental order and certificate of convenience and necessity issued by the Illinois Commerce Commission on October 22, 1958, revising the description of the route of the transmission line in West Lincoln township in accordance with the new route. On October 24, 1958, Scully filed a supplemental motion to dismiss the petition as amended, alleging that it appeared that appellee was not authorized to condemn the new route on October 15, 1958, and the amended petition then filed was void and of no force and effect, and that the supplemental order and certificate could not restore jurisdiction to the court. Scully's motion was denied, and he then filed a cross petition for damages to land not taken. The cause was then tried before a jury, and a judgment was entered on the verdict fixing the compensation at $.66 for land taken, $1,650 for the easement, and allowing no damages to land not taken or for the tenants of the lands. Scully filed a motion for new trial and in arrest of judgment, and the additional appellants, the tenants on the Scully lands, filed joint and several motions for new trial and in arrest of judgment, restating the grounds urged in Scully's motion to dismiss. These motions were overruled. A freehold interest in real estate being necessarily involved, appellants appeal directly to this court.

Appellants vigorously assert that the trial court erred in denying the motion to dismiss the petition as amended, and in denying the post-trial motion in arrest of judgment. These motions alleged that the entire condemnation petition was a single proceeding, that the Illinois Commerce Commission had not authorized the entire route which appellee sought to condemn by its first amended petition; that the petition as first amended was void and of no force and effect, and that later authorization obtained from the commission could not authorize the appellee to maintain this condemnation proceeding. We have found that it requires

the concurrent action of the petitioning public utility and the Commerce Commission to vest the power of eminent demain and the selection of the route for a power transmission line in the corporate public utility. The necessity for the improvement requiring condemnation and the manner of its construction are for the consideration of the condemnor, subject to the decision of the commission as to convenience and necessity. The condemning petitioner does not have the right of eminent domain until the commission issues its certificate. (*Illinois Iowa Power Co.* v. *Rhein,* 369 Ill. 584.) Appellants thus contend that upon the filing of appellee's first amended petition, describing a route for which there was then no certificate of necessity and convenience, the appellee was without power to condemn the route and that lack of jurisdiction could not thereafter be cured by later securing a proper certificate.

At the time of the filing of the original petition for condemnation, the appellee had a perfected right of eminent domain. The appellee had determined the necessity for and the mode of construction of the transmission line, and the commission had issued its order and certificate, and the appellee had petitioned for condemnation. The jurisdiction of the court had been properly invoked. The first amendment to the petition set up a new route across the tract of land in West Lincoln Township, for which there was then no certificate of necessity and convenience.

Section 5 of the Eminent Domain Act (Ill. Rev. Stat. 1957, chap. 47, par. 5) and section 39 of the Civil Practice Act (Ill. Rev. Stat. 1957, chap. 110, par. 39,) permit amendments to the petition setting up matters which arise after the original petition is filed, whenever necessary to a fair trial and final determination of the questions involved. Section 45 of the Civil Practice Act (Ill. Rev. Stat. 1957, chap. 110, par. 45,) makes provision for a party to raise specific objections to a pleading and to pray that the action

be dismissed. The same section likewise authorizes and contemplates that the court may permit or require pleading over or amending to obviate the objection.

The first amendment did not initiate a new proceeding, but merely injected new matter into an existing proceeding of which the court had full and complete jurisdiction. It interjected a new route for which there was no certificate, but it did not commence a new proceeding. There was a valid certificate supporting the condemnation of the route of the transmission line across the tract in Sheridan Township. The motion for leave to amend the original petition was filed in open court, counsel of record for all parties being present, and, no reason appearing why the motion should not be granted, the court granted leave to amend. Thereafter, appellant Scully filed his motion to dismiss the petition as amended.

The purpose of requiring specific objections is to inform the party against whom the motion is directed what the contention of the movant is, so that preparations may be made to meet the objection. (*Hitchcock* v. *Reynolds*, 278 Ill. App. 559.) It likewise permits the party to cure such objections by amendment. Consequently before the motion to dismiss was heard appellee filed an additional amendment to the petition restating the new route over the tract in West Lincoln Township and the same route over the Sheridan Township tract, and incorporating a supplemental certificate of the commission authorizing the taking of the new route. This procedure is in conformity with the statutory authority for amendments to pleadings, and obviates any objection of Scully to the first amended petition.

The court's jurisdiction was properly invoked, never lost, and was perfected to permit determination of new and related questions. To adopt the theory advanced by appellant would constitute the erroneous conversion of a procedural matter into a question of substantive right.

The appellee was properly vested with the right of eminent domain for the condemnation of the original route, and the jurisdiction of the court was invoked by the filing of the original petition. Upon the filing of the second amendment to the petition for the revised route the appellee was vested with the right of eminent domain for that route. At the time of the filing of the first amendment to the petition, the amendment was in error in respect to the right of eminent domain for a route across the West Lincoln tract, but appellee rightfully could pray condemnation for the Sheridan tract route—which route was never revised and for which the right to condemn was never varied or in question. The jurisdiction of the court was invoked and never lost, and the amendments only created and obviated a valid objection to a part of the pleadings. The right to condemn was never lost.

Appellants contend that the court erred in refusing to grant the motion for new trial filed by the tenants of the Scully land. Their contention is based upon the assertion that the tenants own the several fences across the lands which will have to be cut in the construction or maintenance of the line, and the tenants will, therefore, necessarily suffer damage. The jury viewed the premises, but refused to award damages to the tenants. Appellants admit that no testimony was offered by the several tenants, or anyone, as to the amount of damage the tenants would suffer. The owner of property seeking to recover the just compensation guaranteed by the constitution for the lawful damaging of private property for public use has the burden of establishing the existence and amount of damages he claims. (*Kane* v. *City of Chicago,* 392 Ill. 172; *Illinois Power and Light Corp.* v. *Talbott,* 321 Ill. 538.) The tenant appellants failed to meet this burden, and the jury properly denied their claims for damages. The trial court correctly refused a new trial upon their motion.

Finally, appellant Scully urges that the verdict of the jury and judgment of the court that the erection, operation, and maintenance of the proposed transmission line would cause no damage to the Scully land not lying within the easement is wrong, and that his motion for new trial should have been allowed. Witnesses for appellants testified that the Scully land contiguous to but lying outside of the easement strip would be damaged by the erection, operation, and maintenance of the line by the inconvenience to, the reduced effectiveness of, and the increased cost of crop dusting by airplane; by the restriction of use of the largest farm machines, and in that the pole areas and the difficulty of cultivation may provide breeding spots for insects which could spread to other parts of the farm land. These witnesses gave as their opinions that the lands not taken would be damaged from $7,502 to as much as $9,622.19. Other witnesses presented by appellee testified that the erection and maintenance of the power line would not damage or depreciate other lands of Scully not condemned.

It is not disputed by appellee that a landowner may be entitled to damages to land not taken, and that the matters presented by appellants' witnesses may properly be elements of damage to farm lands not taken. However, the burden of proving damage is on the land owner, and they must show that these elements depreciated the fair market value of those lands. *Central Illinois Public Service Co.* v. *Lee,* 409 Ill. 19; *Illinois Iowa Power Co.* v. *Rhein,* 369 Ill. 584.

The evidence of damage is highly contradictory. The jury viewed the premises and arrived at their verdict, which is entitled to great weight. Unless that verdict is clearly and palpably wrong, or the result of passion and prejudice, we are not justified in disturbing it. (*Central Illinois Public Service Co.* v. *Lee,* 409 Ill. 19.) Their verdict is within the range of the testimony. The jury had the benefit of observing the witnesses as they testified and viewing the

premises. We cannot, on this record, say that the jury verdict is clearly and palpably wrong. Nothing indicates that the verdict is the result of prejudice or passion. Appellant Scully did not sustain his burden in the jury's eyes, and we will not set their verdict aside.

There is no error as urged by appellants, and the judgment of the circuit court of Logan County is consequently affirmed.

*Judgment affirmed.*