Bank of Homewood, an Illinois Corporation, Plaintiff-Appellant, v. Edward Gembella, Defendant-Appellee, and Live Stock National Bank, as Trustee Under Trust No. 13241, and Gateway National Bank, Third-Parties-Appellees.

**Gen. No. 49,158.**

First District, First Division.

April 6, 1964.

Rehearing denied June 8, 1964.

Dixon, Morse, Knouff & Holmes, of Chicago (Marshall Patner, of counsel), for appellant.

Pease & Ford and Stansell, Rahn & Fleming, of Chicago (Kenart M. Rahn, of counsel), for third party appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

Plaintiff, Bank of Homewood, appeals from an order entered in a citation proceedings brought by it against certain garnishees. Homewood took judgment on July 23, 1962 for $16,507.64 upon a promissory note executed by Gembella to Homewood June 18, 1962. In November 1962 it brought citation proceedings under sec 73 of the Civil Practice Act against Live Stock National Bank, as Trustee, and Gateway National Bank. Live Stock answered that the only assets it held belonging to Gembella were the rights under articles of agreement for warranty deed held by him for the purchase of real estate from Live Stock, as land trustee, dated June 18, 1960 on which there was a balance due of $8,178.78, with interest in the sum of $219.46; that in May 1962, in the enforcement of a forfeiture notice, the land trustee incurred attorneys' fees and expenses, and Live Stock prayed direction of the court as to the disposition of Gembella's interest therein.

Gateway answered that at the time of the service of said citation, and at no time subsequent thereto, has it had possession of any property belonging to Gembella or to which he is entitled or has access.

Upon a trial of the issues the court found that judgment was entered as hereinabove set forth; that the citation issued on November 5, 1962; that there were articles of agreement as heretofore described; that payments thereunder were made up to July 18, 1962 and none thereafter, and that there were the said balances due; that on March 5, 1962 Gembella executed and delivered to Gateway a note for $30,000 and a trust deed securing the same, "conveying and warranting" the real estate described in the articles of agreement for warranty deed which trust deed, on March 13, 1962, was recorded in the Recorder's Office and that Gembella does not appear of record in the chain of title to the said real estate. The court further found that the

317

said note and trust deed were executed upon the agreement between Gembella and Gateway that the proceeds of said note would be applied to the payment of the balance due on the articles of agreement, and to the discharge of the indebtedness owed by Gembella to Gateway, any balance thereafter to be paid to Gembella; that on August 14, 1962, pursuant to direction of Gembella, Gateway applied $19,130.96 of the amount of the note to cancel out a previous indebtedness owed to Gateway, and segregated the balance of $10,869.04 to be used to retire Gembella's obligation under the articles of agreement; that Gembella agreed that Gateway instruct Live Stock to execute a deed in his name to the real estate dated prior to the date of the trust deed.

The court, after hearing arguments and being fully informed, further found that Gateway has a lien on the above described real estate in the amount of $30,000; that the lien is superior to the judgment of plaintiff, and therefore, the court ordered and decreed: (1) that out of the amount of $10,869.04 Gateway was to pay Live Stock the balance due of $8,178.78, plus interest accrued in the amount of $219.46, and $400 as attorneys' fees, the balance remaining to be paid to the plaintiff to apply to its judgment; (2) that Live Stock, upon receipt of the said payments, execute a deed in the name of Gembella dated prior to March 5, 1962 (the date the trust deed was executed); (3) that after the execution of the said deed the Sheriff of Cook County sell Gembella's interest in the said real estate at public sale and apply the proceeds thereof, after costs, to the satisfaction of plaintiff's judgment. From this order Homewood appeals.

█ Homewood contends that where a lender, a third party, holds the balance of a loan due a judgment debtor, that loan balance is subject to supplemental proceedings under sec 73 of the Civil Practice

318

Act. However, this argument overlooks the lender's claims, which were properly asserted under sec 40 of the Garnishment Act, Ill Rev Stats 1961, chap 62, sec 40. In garnishment proceedings the judgment creditor has no greater rights to any funds held by a third party than has the judgment debtor. Larson v. McCormack, 286 Ill App 206, 2 NE2d 974 (1936). The claim asserted against the garnishee must be one which the judgment debtor himself could have maintained. National Home, Inc. v. American Nat. Bank & Trust Co., of Chicago, 16 Ill App2d 111, 147 NE2d 412 (1958); Morphet v. Morphet, 19 Ill App2d 304, 152 NE2d 492 (1958).

It is clear that under the arrangements here, Gembella could not seek any funds from Gateway, except for the surplus remaining after title to the collateral, given as security for the loan, had been effected. Gembella was required to obtain good title before he could claim full benefit of the loan. Homewood, being in no better position, can claim no greater rights thereto.

■ Homewood further contends that its judgment, having been rendered prior to the issuance of any deed to said property, created a lien thereon prior to the rights of Gateway. Since the mortgage loan from Gateway to Gembella was predicated on Gembella's warranty of good title, the loan proceeds were required to be disbursed first, to discharge Gembella's obligation to pay the remainder of the purchase price to Live Stock, the vendor. To the extent that such proceeds were so applied, Gateway had a purchase money mortgage. Wermes v. McCowan, 281 Ill App 381 (1936).

A purchase money mortgage is superior to a judgment lien against the mortgagor, even when such judgment was rendered before the actual purchase of the property and execution of the deed to the mortgagor. Wehrheim v. Smith, 226 Ill 346, 80 NE 908

(1907); Curtis v. Root, 20 Ill 53 (1858). Therefore, the judgment lien of Homewood attached only to the equity the judgment debtor had in the property, subject to the trust deed of the garnishee. Homewood cannot complain that its rights were injured or impaired, and the trial court's judgment is affirmed.

Affirmed.

MURPHY, P. J. and BURMAN, J., concur.