Carmen Senese and Louis Senese, d/b/a Ogden Cartage Company, Plaintiffs-Appellants, v. City of Chicago, a Municipal Corporation, and John F. Ward, Purchasing Agent, Defendants-Appellees.

Gen. No. 50,828.

First District, Fourth Division.

October 2, 1967.

Halfpenny, Hahn & Ryan, of Chicago (Harold T. Halfpenny, James F. Flanagan, Thomas F. Roche, and Mary M. Shaw, of counsel), for appellants.

Raymond F. Simon, Corporation Counsel, of Chicago (Sydney R. Drebin and John P. Collins, Assistant Cor-

poration Counsel, and Harry H. Pollack, Special Assistant Corporation Counsel, of counsel), for appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Plaintiffs appeal from a dismissal of their amended complaint.

According to the amended complaint, plaintiffs were in the cartage business under the name of Ogden Cartage Company. One of the plaintiffs, Carmen Senese, was employed by the City of Chicago as a tree trimmer. The City invited bids, as set out in Exhibit A,[1] for the hire of truck services; on April 22, 1964, the plaintiffs submitted sealed, written proposals (the form of which was set out in Exhibit A)[1] which were accepted by the defendants; pursuant to the terms and conditions of these proposals a priority of call was established by defendants, and plaintiffs were assigned priority numbers for three different types of truck services. Plaintiffs performed until July 8, 1964, when they were informed that because of a conflict of interest on the part of Carmen Senese, one of the plaintiffs and an employee of the City of Chicago, the City would no longer do business with plaintiffs. The prayer of the amended complaint was for a declaration that no conflict of interest exists and that the court declare the right of the plaintiffs to submit proposals, be assigned a priority on the basis of said proposal, and to be called from said priority list.

Since Exhibit A was not attached to the amended complaint defendants could have moved for a dismissal under section 45 of the Civil Practice Act for failure to set out the written instrument sued on. Instead, defendants moved to dismiss on the same grounds stated

---

[1] Exhibit A which included the form of Invitation and Proposal Truck Hire Agreement was not attached to the amended complaint although it was attached to the original complaint.

in their motion to dismiss the original complaint. (The amended complaint was a restatement and exact reiteration of the original complaint except that in Count II an allegation of fraud was added.) The motion stated in pertinent part:

> 1. That the theory of the complaint is founded on a contract by which on the face of the complaint fails to state a competent covenant for the following reasons:
>
> > (a) That it is patent on the face of the complaint *and exhibit attached thereto* that there was no offer and acceptance under the rule of law encompassing bids. (Emphasis supplied.)
> > (b) That it is patent on the face of the complaint there is no consideration.
> > (c) That it is patent on the face of the complaint that the plaintiff never circumscribed any of his future actions.
> > (d) That the complaint failed to allege any specific work to be performed.

On appeal one of defendants' theories of the case is that plaintiffs' amended complaint fails to state a cause of action because it is in violation of section 36 of the Civil Practice Act in that it does not set forth the written instruments upon which plaintiffs' claim is founded.

In Clegg v. Gould, 314 Ill App 670, 42 NE2d 315, the court held that a contention that plaintiff failed to attach to his complaint a copy of the written contract upon which the action was based, not having been raised in the trial court, cannot be urged on appeal.

Under section 45(2) of the Civil Practice Act the motion to dismiss "must specify wherein the pleading . . . is insufficient." In Admiral Oasis Hotel v. Home Gas Industries, 68 Ill App2d 297, 216 NE2d 282, the court stated on page 304:

180

Several decisions have held that a motion to dismiss cannot be allowed where specific grounds are not set forth. Hitchcock v. Reynolds, 278 Ill App 559 (1935); Central Illinois Electric & Gas Co. v. Scully, 17 Ill2d 348, 161 NE2d 304 (1959). An obvious companion to such a rule is that grounds not specified in the motion to dismiss cannot be urged on appeal.

In the instant case defendants failed to specify in their motion to dismiss that the written instrument sued on was not attached to or recited in the amended complaint and therefore the point cannot be considered on review.

Defendants next contend, according to their theory of the case in our court, that the contract alleged in said amended complaint is void for want of mutuality, and that the period of the duration of said alleged contract is indefinite and said contract was therefore terminable at the will of either of the parties, and was in fact terminated by defendant City of Chicago, hereinafter referred to as City, and cannot be the basis of a cause of action. Once again we must point out that neither of these objections was raised in the trial court and cannot be urged for the first time on review.

Although it seems that defendants have abandoned the grounds set forth in their motion to dismiss in the trial court, we have examined the complaint to ascertain if it should have been dismissed. It recites that a contract was entered into (which has never been denied by defendants), that plaintiffs performed under that contract and that the contract was terminated by the defendants for the stated reason of a conflict of interest. It sought a declaration that no conflict of interest exists and that plaintiffs be reinstated on the priority list.

In Kita v. Young Men's Christian Ass'n of Metropolitan Chicago, 47 Ill App2d 409, 418, 198 NE2d 174, Justice McCormick in a learned dissertation on pleading quoted

181

from Clark on Code Pleading (2nd Ed 1947), pages 56–57. It bears repetition:

> It is perhaps doubtful if we are now prepared to go to the complete lengths of brevity urged by the proponents of notice pleading, except in isolated cases. But without so doing we may properly put the emphasis where they do. This, it seems, is in effect the modern tendency. The aim of pleadings should be therefore to give reasonable notice of the pleader's case to the opponent *and to the court*. This does not go as far as the technical notice pleading, since it requires notice of the pleader's entire cause, not merely that he has a claim. The notice to the court is perhaps the more important, for in general the opponent knows enough about the case to relieve us of worry about him. In fact we have spent altogether too much thought over the danger of surprising a defendant. If his case is prepared at all adequately he will not be surprised. Our solicitude for him will simply result in giving him opportunities to delay the case and harass his opponent. The main purpose of the pleadings should therefore be to give the trial court a proper understanding of the case. If the trial court is adequately informed of the issue by the pleadings, it means that the parties are likewise so informed. It is for the court, not the litigants, to vindicate pleading rules.

██ We find that the amended complaint, without Exhibit A (the form of Invitation To Bid and Proposal and Truck Hire Agreement) [2] stated a cause of action and

---

[2] In Morphet v. Morphet, 19 Ill App2d 304, 152 NE2d 492, a garnishment action against an insurance company, garnishee's defense was founded on a written instrument but a copy was not attached. Plaintiff therefore contended that garnishee's pleading had been properly stricken under Section 36. The Appellate Court

that the trial court erred in dismissing the complaint. The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

ENGLISH, P. J., concurs.

McCORMICK, J., dissenting:
I must respectfully dissent from the majority opinion. In the first count of the complaint the plaintiffs state that both parties are bound by the provisions of the defendants' invitation for bids and the plaintiffs' acceptance of the proposal as indicated in Exhibit A; that the defendants, subsequent to April 22, 1964, did answer plaintiffs' proposal and did establish a priority of call as provided for in the invitation and proposal, and assigned the plaintiffs priority numbers for certain classes of trucks. It is further alleged that the plaintiffs

> "held themselves out as being ready, willing and able to perform the undertakings required by them to be performed, and did perform . . . ; the defendants have refused and continue to refuse to honor the plaintiffs' position on said priority lists, and have called and continue to call those bidders having higher priority numbers assigned than the plaintiffs."

The plaintiffs then pray for declaratory judgment under section 57.1 of the Civil Practice Act:

> "(a) That the Court declare that no 'conflict of interest' exists . . .
> "(b) That the Court declare the right of the plaintiffs to submit proposals, be assigned a priority

---

said at page 308: "This contention is untenable for the garnishee's amended answer recited the relevant terms of the contract on which the garnishee relied. This is a sufficient compliance with the statute. (Darst v. Lang, 367 Ill 119.)"

on the basis of said proposal, and to be called from said priority list;"

Count II realleges the allegations contained in Count I, and in effect prays for damages for a breach of contract on the part of the defendants.

Count I is based on the Declaratory Judgment Act (SHA c 110, § 57.1, p 222). It is impossible for the writer of this dissent to understand how a declaratory judgment could be properly sought in this case. The plaintiffs could bring an action only for breach of contract. In Stern v. Material Service Corp., 44 Ill App2d 198, 194 NE2d 511, we questioned whether or not a suit for declaratory judgment was properly brought, and cited Trossman v. Trossman, 24 Ill App2d 521, 165 NE2d 368, where it was held that the action under the Declaratory Judgment statute was not designed to supplant existing remedies. Declaratory relief as a general rule will not be granted for a cause of action which has already accrued and which is justiciable in a well-recognized form of action. 16 ILP, Declaratory Judgments, § 2. In the Notes to the Declaratory Judgment Act it was pointed out that the remedy was not designed to supplant existing remedies or to afford a new choice of tribunals.

Even if the plaintiffs here had properly alleged a valid contract, and if the defendants had refused to comply with its terms, a complaint for declaratory judgment would not lie. In any case it is hard to understand why the plaintiffs should (as prayed in the complaint) be given the right to now submit proposals, be assigned a priority on the basis of such proposals, and be called from the priority list. In the majority opinion it is stated that the prayer of the amended complaint was "that the court declare the right of the plaintiffs to submit proposals, be assigned a priority on the basis of said proposal, and to be called from said priority list." All of

184

these questions could have been raised and passed on in a suit for breach of contract. The plaintiffs should rely on their second count, setting out a breach of a now existing contract.

In the majority opinion the view is taken that while Exhibit A was not attached to the amended complaint, the failure to so attach was not properly raised in the motion to dismiss. With that contention (which, in the opinion of the writer of this dissent, is immaterial) there is no disagreement. Assuming that Exhibit A was properly attached to the complaint, the plaintiffs are in no way helped thereby. The exhibit specifically provides that "The truck hire agreement shall consist of the following parts: Legal advertisement attached hereto, Terms and Conditions of the Invitation for Bids, proposal, and priority list posted by the Purchasing Agent."

In the proposal it is provided that if there is a proper bid and acceptance there will be a priority of call established. That paragraph also provides the following:

> "Using departments and agencies when ordering trucks through the Truck Pool shall order out trucks, when required, in the priority scale as established by the Purchasing Agent, provided that such trucks shall in the opinion of the Using Department meet the operating needs for the particular assignment in their department, bureau, division or section and provided that the Contractor is available for the time requested."

There is no allegation in the complaint that the trucks of the plaintiffs did meet the operating needs for the particular assignment, nor is there any allegation that the plaintiffs' trucks were available for service at the time the City passed over the priority numbers of the plaintiffs and called the trucks of firms having higher priority numbers.

185

In Exhibit A there is this further provision:

"All truck hire agreements shall be extensions at the option of the City, for periods as shown in the legal advertisement and may be extended for the periods as shown in the legal advertisement by written notice by the Purchasing Agent to the contractor."

This provision, without the legal advertisement, is wholly meaningless. The legal advertisement, which was a vital part of the negotiations, does not appear in the pleadings or in the exhibit filed by the plaintiffs.

Without the advertisement, which is neither alleged in substance nor attached as a part of Exhibit A, there is nothing in the complaint to show that the contract was not terminable at will. In Stein v. Isse Koch & Co., Chicago, Inc., 350 Ill App 171, 112 NE2d 491, the court properly held that "A contract calling for continual performance and containing no provision for its duration is ordinarily terminable at will."

Nor can it be said that the complaint can in any way be helped by Kita v. Young Men's Christian Ass'n of Metropolitan Chicago, 47 Ill App2d 409, 198 NE2d 174. In the majority opinion it is stated that the amended complaint, without Exhibit A, stated a cause of action; with that statement I cannot agree. The majority opinion also states:

"Defendants next contend, according to their theory of the case in our court, that the contract alleged in said amended complaint is void for want of mutuality, and that the period of the duration of said alleged contract is indefinite and said contract was therefore terminable at the will of either of the parties, and was in fact terminated by defend-

ant City of Chicago, hereinafter referred to as City, and cannot be the basis of a cause of action. Once again we must point out that neither of these objections was raised in the trial court and cannot be urged for the first time on review."

However, the motion to dismiss states:

"1. That the theory of the complaint is founded on a contract by which on the face of the complaint fails to state a competent covenant for the following reasons:

. . . . . .

"(c) That it is patent on the face of the complaint that the plaintiff never circumscribed any of his future actions.
"(d) That the complaint failed to allege any specific work to be performed."

In Kita it was said: "The main purpose of the pleadings should therefore be to give the trial court a proper understanding of the case." In the opinion of the writer of this dissent, the motion to dismiss accomplished just that. The objection was properly raised. It is also the opinion of the writer that the trial court properly dismissed the complaint for failure to state a cause of action, and the judgment of the Circuit Court of Cook County should be affirmed.