Terrance Wolff, Plaintiff-Appellee, v. Elijah Halloway, Defendant, and Home and Automobile Insurance Company, Garnishee-Defendant-Appellant.

Gen. No. 52,518.

First District, Fourth Division.

November, 5, 1969.

Ernest K. Koehler, of Chicago, for appellant.

Harold A. Liebenson, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

On an automobile personal injury claim, plaintiff obtained a default judgment against defendant for $7,500. Upon learning that after the accident, defendant's insurance company had become insolvent and was in receivership, plaintiff used this judgment as the basis for a garnishment proceeding against his own automobile insurance carrier under the uninsured motorist clause of the policy.* Judgment was rendered against the garnishee, which now appeals.

Its contentions are that: (1) the relationship among the parties is such that garnishment does not lie; (2) alternatively, insolvency of defendant's insurance company after the date of the accident did not qualify this defendant's automobile as uninsured within the meaning of the insurance contract between plaintiff and gar-

---

\* The pertinent paragraph provides that the carrier agrees:

To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury," sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of said uninsured automobile; provided, for the purpose of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representatives and the company or, if they fail to agree, by arbitration.

The policy defines an uninsured automobile as:

An automobile or trailer with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile . . . .

271

nishee; and (3) if the uninsured automobile provision of the policy were applicable, it requires arbitration, and garnishee has not waived its right thereto.

██ Garnishment was unknown at common law and rests wholly upon statute. Roth v. Kaptowsky, 401 Ill 424, 429–430, 82 NE2d 661. The Garnishment Act is designed to make available assets of a judgment debtor for application in payment of the judgment against him. The pertinent section of the statute provides:

> Upon the filing by a judgment creditor or other person of (a) an affidavit that the affiant believes any person is indebted to the judgment debtor, other than for wages, or has in his possession, custody or control any other property belonging to the judgment debtor, or in which the judgment debtor has an interest, and (b) written interrogatories to be answered by that person with respect to the indebtedness or other property, the clerk of the court in which the judgment was entered shall issue summons against the person named in the affidavit commanding him to appear before the court as garnishee and answer the interrogatories in writing under oath.

Ill Rev Stats (1965), c 62, § 33.

██ A long line of cases has consistently held that a claim asserted by a judgment creditor against a garnishee must be one which the judgment debtor himself could have maintained. E. g., Bank of Homewood v. Gembella, 48 Ill App2d 316, 199 NE2d 293; Morphet v. Morphet, 19 Ill App2d 304, 152 NE2d 492. See also Zimek v. Illinois Nat. Cas. Co., 370 Ill 572, 574, 19 NE2d 620. Further, there is no question but that proper interpretation of the statute renders the liability insurer of a judgment debtor amenable to garnishment proceedings. See ILP, Garnishment, § 20. The key to this result is found in the insurer's express undertaking to pay in-

jured persons on behalf of its insured. No such promise is found, however, in the uninsured automobile clause which relates solely to an obligation of the carrier to pay directly to its insured under prescribed circumstances stated in the policy. It does not create or permit the creation of any right in the owner of the uninsured automobile. Absent such a right, we find no basis for garnishment.

A recent case in the Second District reached the same conclusion on basically similar facts. Baron v. Villareal, 100 Ill App2d 366, 373, 241 NE2d 227.

We were extensively briefed on the other two points raised in this court which fall with our conclusion as to the first point. Being outside the range of our consideration in a garnishment proceeding, they are not properly determinable on this appeal. Therefore, in holding that garnishment will not lie under the facts of this case, we make no adjudication as to whether or not plaintiff may be entitled to any other remedy.

The judgment of the Circuit Court is reversed.

Reversed.

McCORMICK, P. J. and DRUCKER, J., concur.