The Department of Public Works and Buildings of the State of Illinois for and in Behalf of the People of the State of Illinois, Petitioner-Appellant, v. B. M. Tally, Administrator of the Estate of Mark Tally, Deceased, Emma Tally, Jerry D. Tally, Rita Sue Tally, Defendants-Appellees.

Gen. No. 69–48.

Fifth District.

July 2, 1970.

William J. Scott, Attorney General of State of Illinois, of Springfield, and Byron L. Connell, Jr., Special Assistant Attorney General, of Mounds, for appellant.

W. C. Spomer, of Cairo, for appellees.

GOLDENHERSH, J.

Petitioner appeals from the judgment of the Circuit Court of Pulaski County entered upon a jury verdict in an action to condemn land for use in the construction of a diamond interchange between Interstate Route 57 and a county road known as Mounds Blacktop Road northeast of Mounds in Pulaski County.

Defendants, Mark Tally and Emma Tally, are the record owners of the land here involved and defendants, Jerry D. Tally and Rita Sue Tally, are made parties defendant because of a contract of sale between them and the record owners. Defendant Mark Tally died subsequent to entry of the judgment and the administrator of his estate was substituted as a party.

The parcels taken by petitioner are part of a 60-acre tract. The tract was bounded on the north by Mounds Blacktop Road. Along this road petitioner took a strip 30 feet in width, comprising 1.1 acres, and at the northwest corner of the parcel it took a plot comprising 0.1 acre. The strip taken was directly in front of defendants' house and on it were situated trees and shrubbery. The purpose of the taking was to elevate Mounds Blacktop Road to run over Interstate 57. Petitioner constructed a service drive paralleling the west boundary of defendants' property and took a parcel of 0.7 acres off the west side of the tract, immediately to the south of the 0.1-acre plot.

After filing of the petition, by "quick take" proceeding (c 47, § 2.1 et seq., lll Rev Stats), petitioner took title to and possession of the condemned parcels. Defendants filed a cross-petition alleging damages to the remainder of the tract. At the time of trial all of the construction for the interchange had been completed except for some landscaping, although the interstate highway was not yet open to traffic at that point.

Petitioner called Roy Harris, a right of way engineer who described the parcels taken and the changes effect-

ed as the result of construction of the interstate highway and service road. It then called Glen Gross, an appraiser, who testified that prior to the taking, the highest and best use of defendants' land was for agricultural purposes, its fair cash market value was $20,000 and the value of the parcels taken was $1,500.

On petitioner's motion the testimony of two of defendants' valuation witnesses was stricken. J. D. Osborne called by defendants testified that the highest and best use of the 60-acre tract was for housing, its fair cash market value prior to the taking was $54,000, the value of the 1.9 acres taken was $1,800 and the value of the remainder of 58.1 acres, after the taking, was $450 per acre.

In rebuttal, petitioner called Gross who testified the remainder received a benefit by reason of its proximity to an interchange, and its highest and best use following the taking was commercial.

Petitioner called J. C. Frazier, who testified that prior to the taking, the highest and best use of the 60-acre tract was agricultural and its fair cash market value was $24,900. He stated that following the taking, the highest and best use of the remainder was for commercial purposes as the site for a service station, restaurant, motel and trailer park, and its value was $51,620.

The jury viewed the property, and returned verdicts awarding defendants $1,800 for the land taken and $20,000 for damage to the remainder.

Petitioner contends the record shows defendants' witness, Osborne, was not qualified to testify as to the opinions expressed, and the court erred in denying its motion to strike his testimony.

Osborne testified that he was in the lumber business and in the business of building homes in Pulaski County. In connection with those businesses he had appraised property in subdivisions for 12 years. He was acquainted with defendants' property and with real estate values

in the area. He testified that prior to the taking, the highest and best use of defendants' property was for a housing development. The construction of the interchange, with the elevation at the north boundary of the property in order to raise Mounds Blacktop Road over Interstate 57, and the construction of the drainage ditch along the road had destroyed this use. He testified that the value of the land taken was $1,800, and the damage to the remainder of 58.1 acres was $450 per acre.

■ One who is acquainted with the property condemned and has knowledge of real estate values in the vicinity is competent to testify as to its value. Forest Preserve Dist. of Cook County v. Kercher, 394 Ill 11, 66 NE2d 873; Trustees of Schools of Tp. No. 42 v. Schroeder, 23 Ill2d 74, 177 NE2d 178. The record shows Osborne to be so qualified.

■ Petitioner further contends that Osborne's opinion as to damage to the remainder was improperly admitted because he did not consider the commercial benefits to the land by reason of its proximity to the interchange. Neither he nor the defendants were required to adopt petitioner's theory with respect to the prospective use of the land, and petitioner's objections go to the weight, not the admissibility, of his testimony.

■ Petitioner next contends that the verdicts are so excessive as to show passion, prejudice and partiality, and that the jury did not disregard the testimony which was ordered stricken. The evidence of damages was contradictory, the jury viewed the premises, and we cannot say the verdict is so palpably wrong as to require reversal. Central Illinois Electric & Gas Co. v. Scully, 17 Ill2d 348, 161 NE2d 304.

■ Finally, petitioner contends the trial court erred in denying it a new trial because the verdicts are against the manifest weight of the evidence. It argues there is

no evidence of a need or demand for the type of housing development which Osborne testified was the highest and best use to which the property could be put, and his testimony as to such use was speculative. The testimony shows that defendants' land is adjacent to Mounds, a consolidated school is located in the vicinity, and there is sufficient evidence from which the jury could have concluded that the property was best used for home sites.

We find no basis for reversal and the judgment of the Circuit Court of Pulaski County is affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.