CHARLENE COLE, Plaintiff-Appellant, *v.* BOBBY SHANIOR, Defendant.— (CALUMET MUTUAL INSURANCE COMPANY, Garnishee-Appellee.)

First District (1st Division)    No. 78-849

Opinion filed March 5, 1979.

Heller & Morris and Schwartzberg, Barnett & Cohen, both of Chicago (Benjamin H. Cohen and Hugh J. Schwartzberg, of counsel), for appellant.

Jesmer and Harris, of Chicago (Julius Jesmer, Charles E. Tannen, and Allen L. Wiederer, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Charlene Cole (plaintiff) obtained a judgment for personal injuries by default against Bobby E. Shanior. Plaintiff was a passenger in a taxi operated by Yellow Cab Company which collided with Shanior's automobile. Shanior was allegedly uninsured. Plaintiff filed garnishment proceedings against Calumet Mutual Insurance Company (Calumet), the liability insurer for Yellow Cab Company. The trial court discharged Calumet. Plaintiff appeals.

Plaintiff contends that Calumet was required to include uninsured motorist coverage in its liability policy because this type of coverage was required by statute and the omission thereof from the policy does not defeat plaintiff's claim. Calumet, the garnishee, contends that the trial court properly discharged Calumet because it had no property of Shanior, the judgment debtor, in its possession and was not otherwise indebted to him.

On November 2, 1977, the trial court discharged Calumet as garnishee. The court found:

> "1. The garnishee, Calumet Mutual Insurance Company, does not have in its possession, custody or control any property belonging to the judgment debtor, Bobby Shanior, nor is said garnishee indebted to said judgment debtor for wages or any other reason.
> 2. That Calumet Mutual Insurance Company, by Policy number AL 2150 insured Yellow Cab Company and Eugene Madlock, its employee and agent, for public liability from January 1, 1969 to January 1, 1970, and that said policy of insurance does not contain any uninsured motorist coverage."

Plaintiff contends that since garnishment is a proper remedy against a liability insurance carrier after judgment has been entered against its insured, the same remedy should be applicable here. Plaintiff's contention rests primarily on the legislative purpose of the uninsured motor vehicle statute (Ill. Rev. Stat. 1969, ch. 73, par. 755a). As expressed in *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 176, 370 N.E.2d 1044, quoting from *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 4, 269 N.E.2d 295, the purpose of that statute is:

> "* * * to place the policyholder in substantially the same position he would occupy, so far as his being injured or killed is concerned,

if the wrongful driver had the minimum liability insurance required by the Financial Responsibility Act. [Ill. Rev. Stat. 1969, ch. 95½, par. 7A-101 *et. seq.*]."

We are aware of this legislative purpose of the uninsured motor vehicle statute. However, we cannot agree that this purpose permits us to disregard and violate the plain language of the garnishment statute (Ill. Rev. Stat. 1977, ch. 62, par. 33 *et seq.*), and the authoritative cases on this point. See *Wolff v. Halloway* (1969), 116 Ill. App. 2d 270, 253 N.E.2d 596; *Baron v. Villareal* (1968), 100 Ill. App. 2d 366, 241 N.E.2d 227.

Garnishment was unknown at common law, and rests entirely on the statute. (*Roth v. Kaptowsky* (1948), 401 Ill. 424, 429, 82 N.E.2d 661.) The statute is designed to make assets of the judgment debtor available for application in payment of the judgment against him. (*Wolff*, 116 Ill. App. 2d 270, 272.) To maintain a garnishment proceeding, plaintiff must meet all the requirements of the Garnishment Act. Section 1 of that Act provides:

"Upon the filing by a judgment creditor or other person of an affidavit that the affiant believes any person is indebted to the judgment debtor, other than for wages, or has in his possession, custody or control any other property belonging to the judgment debtor, or in which the judgment debtor has an interest, and which includes written interrogatories to be answered by that person with respect to the indebtedness or other property and the last address of the judgment debtor known to the affiant as well as the name of the judgment debtor, the clerk of the court in which the judgment was entered shall issue summons against the person named in the affidavit commanding him to appear before the court as garnishee and answer the interrogatories in writing and under oath." Ill. Rev. Stat. 1977, ch. 62, par. 33.

Consequently, in order to impose a liability upon a garnishee, there must be an equivalent liability by the garnishee to the judgment debtor as would enable the judgment debtor to maintain an action directly against the garnishee in his own name, for his own use, and to recover a judgment against the garnishee. See *Wolff*, 116 Ill. App. 2d 270, 272, and cases cited therein.

The statutory and case law requirements for garnishment by plaintiff do not exist here between Shanior, the judgment debtor, and Calumet, the garnishee. Plaintiff has failed completely to prove that the garnishee had possession of any assets of Shanior or was indebted to Shanior in any manner. Furthermore, no promise to Shanior would be found in an uninsured motorist clause, if it existed, in the Calumet policy. Such a clause would relate "solely to an obligation of the carrier to pay directly

to its insured under prescribed circumstances stated in the policy. It does not create or permit the creation of any right in the owner of the uninsured automobile." (*Wolff*, 116 Ill. App. 2d 270, 273.) It follows that plaintiff's attempt to garnish Calumet must necessarily fail. We therefore agree with the result reached by the learned and able trial judge.

In view of the disposition of this issue, we need not consider the remaining contention raised by plaintiff. In holding that garnishment will not lie under the facts of this case, we expressly refrain from deciding whether plaintiff, in a proper action, would be able to recover from Calumet upon a theory of uninsured motorist coverage.

The judgment of the circuit court is affirmed.

Judgment affirmed.

McGLOON and CAMPBELL, JJ., concur.