HUNTER MFG., INC., Plaintiff-Appellant, *v.* LEROY HINES, Defendant.— (CARYLE MICHEL, Garnishee-Appellee.)

Third District   No. 79-50

Opinion filed September 24, 1979.

David B. Radley, of Baymiller, Christison & Radley, of Peoria, for appellant.

Terry H. Gamber, of Mt. Vernon, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Hunter Mfg., Inc., brought this garnishment action against Caryle Michel, defendant, seeking to secure payment upon a judgment which the plaintiff had secured against Leroy Hines. The gist of the garnishment complaint was that Michel owed money to Hines for machinery which Michel had purchased from Hines. After a bench trial the court found in favor of the garnishee, and the plaintiff has appealed.

Plaintiff, Hunter Mfg., Inc., is a manufacturer of grain-moving equipment with its primary place of business in Mackinaw, Illinois. In 1976 the judgment debtor, Leroy Hines, was a dealer for plaintiff in Southern Illinois when garnishee, Caryle Michel, ordered plaintiff's merchandise through Leroy Hines. Hines submitted the purchase order to plaintiff and the merchandise was delivered at plaintiff's plant to Michel. The plaintiff then billed Hines for the wholesale price of the merchandise, $32,905.65, which was 60 percent of the retail list price, $54,842.74. No part of the plaintiff's bill was paid. On December 9, 1977, the plaintiff obtained a judgment against Leroy Hines for $32,905.65. No part of that judgment has been satisfied. At the garnishment trial the plaintiff sought to establish that Michel owed Hines $23,701.04 plus interest, a proposition which Michel denied.

On this appeal the plaintiff argues that the evidence establishes as a matter of law an amount due from Michel to Hines and therefore the trial court erred in holding to the contrary.

■■ The general rule is that a claim asserted by a judgment creditor against a garnishee must be one which the judgment debtor himself could have maintained. (*Wolff v. Halloway* (1969), 116 Ill. App. 2d 270, 253 N.E.2d 596.) Where the garnishee denies liability to the judgment debtor, it is incumbent upon the plaintiff, the judgment creditor, to prove the contrary. *Roon v. Van Schouwen* (1950), 406 Ill. 617, 94 N.E.2d 880.

The plaintiff argues that because there was no agreement concerning the purchase price for the purchase of the equipment from Michel and Hines, then under the operation of the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 2—305) Michel is deemed to have agreed to pay the reasonable price of the equipment which, according to plaintiff, is the suggested retail price in the catalog.

We have no quarrel with the argument that where no price is stated for the purchase of goods a reasonable price therefore will be inferred. However, this argument assumes there was no agreement for the purchase price of the equipment and that the absence of this agreement is established as a matter of law.

Our review of the evidence finds to the contrary. We believe there is substantial conflicting evidence regarding the purchase price of the equipment and, in particular, whether Michel agreed to pay the wholesale price or the retail price for the equipment. At the outset, it may be inferred that Hines and Michel were not dealing with one another as seller and buyer in the usual relationship. Michel was shown a catalog which included suggested retail prices as well as the fact that the dealer's cost would be 40 percent less. He selected the items he wished, Hines ordered them from plaintiff and they were picked up by Michel at the plaintiff's place of business. From the testimony of both Michel and Hines surrounding the transaction at its conception, it may be inferred that Hines ordered the equipment as an accommodation to Michel, and the intention of the parties as implied from their conduct was that Michel would pay the wholesale price for the equipment. Indeed, Michel indicated that his payment to Hines represented a deduction of two percent which he believed Hines was entitled to by payment of the account to plaintiff within that period of time. That the issue was in dispute is revealed by the testimony of both Michel and Hines since it appears that Hines, on different occasions, sent a statement to Michel both for the retail price and the wholesale price. Hines was well aware that Michel believed he should have been charged only the wholesale price, and indeed this seems to have been the conclusion finally reached by Hines and Michel when they settled their accounts in January 1977. Although the details of the settlement testified to by Hines were not inquired into by either party, it appears that, because Michel had paid the wholesale price for the equipment, Hines considered payment to have been made in full, and no additional amounts were due.

■■ Under these circumstances we believe that whether Michel owed Hines anything at the time the garnishment summons was served is a disputed fact, and there is ample evidence in the record to support the trial court's resolution of this matter in the manner in which it did.

For the foregoing reasons the judgment of the circuit court of Tazewell County is affirmed.

Judgment affirmed.

BARRY and SCOTT, JJ., concur.